IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DWIGHT JONES and**
**BARBARA JONES**                                                                                              **PLAINTIFFS**

**VS.**                                                    **CIVIL ACTION NO. 3:25-CV-057-MPM-JMV**

**SOUTHAVEN R.V. CENTER, INC.,**
**D/B/A SOUTHAVEN RV & MARINE,**
**FOREST RIVER, INC., LARRY**
**RIGGS, JAY CAVITT, AND JOE**
**KOSTROWSKI**                                                                                            **DEFENDANTS**

**ORDER**

Defendants Southaven R.V. Center, Inc., Forest River, Inc. and Larry Riggs have filed a motion to dismiss or, alternatively, to transfer venue of this action to the U.S. District Court for the Northern District of Indiana. Plaintiffs Dwight and Barbara Jones have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is, *inter alia*, a breach of warranty action arising out of plaintiffs' purchase of a 2023 Forest River Model 36K7 Georgetown RV which they allege to be defective. While plaintiffs are Mississippi residents who purchased their RV in this state, the "Legal Remedies" section of the Limited Warranty on the vehicle includes a forum-selection clause which provides that:

> **EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO THIS LIMITED WARRANTY, AN ALLEGED BREACH OF WARRANTY, BREACH OF IMPLIED WARRANTIES, OR REPRESENTATIONS OF ANY KIND MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA.**

1

Ex. A (Limited Warranty) to Ex. 1 to Mot., at 5. Defendants argue that this provision requires that this action be transferred to a federal district court in Indiana, and, after considering the arguments of both sides, this court agrees.

This court notes at the outset that federal law governs the enforceability of forum selection clauses, *see Haynsworth v. Corporation,* 121 F.3d 956, 962 (5th Cir. 1997), and Fifth Circuit law requires it to consider first whether the clause is mandatory or permissive in nature. *PCL Civ. Constructors, Inc. v. Arch Ins. Co.,* 979 F.3d 1070, 1073 (5th Cir. 2020). This court finds the "must be filed in the courts within the state of Indiana" language in the limited warranty to be mandatory in nature, and it cannot discern a serious argument otherwise. Moreover, the Fifth Circuit has made it quite difficult for a party to resist enforcement of a mandatory forum selection clause. Specifically, the Fifth Circuit has held that the party resisting enforcement of a mandatory forum selection clause bears a "heavy burden of proof," which includes a "strong presumption in favor of the enforcement of mandatory [forum selection clauses]." *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth*, 121 F.3d at 963.

The Fifth Circuit has further held, in a related context, that when "a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable." *Ginter*, 536 F.3d at 441. A forum selection clause is unreasonable if: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will

2

deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *PCL Civil Constructors*, 979 F.3d at 1074.

In arguing that the forum selection clause in this case is unreasonable, plaintiffs assert that Forest River "overreached" in drafting it, in such a manner as to render it unenforceable. [Brief at 8]. This is the sort of argument which consumers routinely make in seeking to invalidate provisions in consumer contracts such as forum selection clauses and arbitration agreements, but, in the court's experience, such arguments rarely carry the day in the Fifth Circuit. While it is true that the Fifth Circuit has held that actual coercion by a defendant in executing a forum selection clause may constitute overreaching, *see Haynsworth*, 121 F.3d at 963, plaintiffs do not assert that they were coerced into executing the Limited Warranty in this case. Instead, they claim that "Forest River overreached by providing a contract replete with contradictory legalese without suggesting a legal consult to explain the terms." [Brief at 8]. The Fifth Circuit has repeatedly rejected such arguments, making it clear that "[u]nder elementary principles of contract law, one is presumed to have read a contract that one signs." *In re Cajun Elec. Power Co-op., Inc.*, 791 F.2d 353, 359 (5th Cir. 1986), citing *Carter's Insurance Agency, Inc. v. Franklin,* 428 So.2d 808 (La.App. 1st Cir. 1983). The Fifth Circuit has similarly held that "a person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it." *Cajun Elec.*, 791 F.2d at 359; *Haynsworth.,* 121 F.3d at 965, n. 16. This precedent defeats plaintiffs' arguments quoted above.

Plaintiffs next argue that enforcement of the forum selection clause would deprive them of their day in court because "they will be forced to incur expense of litigation in a

3

forum [in which] they have no contacts." Resp. [Doc 11] at 9. However, federal courts have been clear that "inconvenience and expense alone are insufficient to form a basis for not enforcing a contractual forum selection clause." *Ward Packing, Inc. v. Schiffman*, No. 4:02-CV-518-A, 2002 U.S. Dist. LEXIS 17474, *7 (N.D. Tex. Sept. 13, 2002) (internal quotations omitted); *Havard v. Offshore Specialty Fabricators, LLC*, No. 14-824 Section F, 2019 U.S. Dist. LEXIS 201884, *10 (E.D. La. Nov. 21, 2019) ("Financial hardship is not enough to render a prima facie valid forum selection clause unenforceable."); *Novak v. Almatis Inc.*, Civ. Action No. 06-754-JJB-CN, 2007 U.S. Dist. LEXIS 116152, *9 (M.D. La. Feb. 6, 2007) ("Increased cost and inconvenience alone are not enough to invalidate a forum selection clause."). *See also Mitsui & Co. (USA) v. Mira M/V*, 111 F.3d 33, 37 (5th Cir. 1997 ) ("Increased cost and inconvenience are insufficient reasons to invalidate foreign forum-selection or arbitration clauses.").

In light of the above precedent, this court agrees with defendants that plaintiffs' increased cost of litigating this matter in Indiana provides no basis for invalidating the forum selection clause. This court likewise agrees with defendants that enforcement of the forum selection clause would not contravene a strong public policy of the state of Indiana. Indeed, plaintiffs concede in their brief that "as for public policy, Indiana courts have adopted the principles set forth by the United States Supreme Court in *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) regarding the validity of forum selection clauses." [Brief at 8]. Needless to say, the standards adopted by the U.S. Supreme Court's in *Carnival Cruise Lines* are likewise applicable in the Fifth Circuit, and it is thus apparent that there is no significant daylight between Fifth Circuit and Indiana law in this context. That being the case, plaintiffs have no legitimate argument that application of Fifth Circuit precedent in this context would contravene the public policy of the state of Indiana.

This court therefore concludes that the forum selection clause in this case is both mandatory and enforceable, and, in such circumstances, U.S. Supreme Court precedent makes it clear that the proper procedural vehicle for enforcing the clause is 28 U.S.C. § 1404(a). *Atlantic Marine Constr. Co. v. U. S. Dist. Court*, 571 U.S. 49, 59 (2013). The Supreme Court in *Atlantic Marine* further made it clear that while a motion to transfer under Section 1404(a) ordinarily involves a balancing of factors to determine the convenience of the parties and witnesses and the interests of justice, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways." *Id.* at 63. First, the burden shifts to the plaintiff to establish that transfer is unwarranted. *Id.* Second, the Supreme Court has made it clear that the parties' private interests are not relevant, which renders many of plaintiffs' arguments in this case irrelevant. *Id.* at 64. Third, the Supreme Court made it clear in *Atlantic Marine* that public-interest factors will "rarely defeat a transfer motion," so "forum-selection clauses should control except in unusual cases." *Id.*

This court concludes that this case is not an "unusual" one within the meaning of *Atlantic Marine*, and it will therefore transfer this action to an Indiana district court pursuant to § 1404(a). While thus agreeing with defendants on this point, this court does agree with plaintiffs' transfer arguments in one limited respect. Specifically, this court notes that, in their brief, plaintiffs request that "the court prohibit enforceability of the forum selection clause, or in the alternative transfer the case to the closest Indiana district court, the U.S. District Court - Southern District of Indiana." [Brief at 9-10]. While this court has concluded that Fifth Circuit law does not permit plaintiffs to resist the application of the forum selection clause completely, it does find their request to transfer this case to the Southern, rather than Northern, District of Indiana to be well taken. In so stating, this court notes that, while defendants state their

5

preference that this action be transferred to the Northern District of Indiana, the actual forum selection clause which they drafted merely provides that claims arising out of the Limited Warranty be filed "in the courts within the state of Indiana." *Id.*

In the court's view, if defendants had wished to ensure that this case would be litigated in a particular federal district court in Indiana, then they should have so provided in their forum selection clause. Moreover, a simple look at the map confirms that transferring this action to the Southern District of Indiana will render plaintiff's burden of litigating this case in that state considerably less onerous than if this court were to grant defendants' request to transfer this action to the federal district court in South Bend. South Bend lies in the northernmost part of Indiana, and this court can discern no reason why it should choose this particular court in Indiana as the transfer forum, since such would result in unnecessary burdens upon plaintiffs. This court will therefore transfer this action to the Evansville Division of the Southern District of Illinois,[1] but before doing so, it will stay this case for a period of 14 (fourteen) days, pursuant to Local Rule 52(c).[2] With this caveat, defendants' motion to dismiss or transfer will be granted in part, and this action will be transferred to the Evansville Division of the Southern District of Illinois once the two-week stay has passed.

So ordered, this, the 24th day of September, 2025.

      /s/ Michael P. Mills
      UNITED STATES DISTRICT JUDGE
      NORTHERN DISTRICT OF MISSISSIPPI

---

[1] The Evansville Division is the division in the Southern District of Indiana which lies closest to plaintiffs.
[2] That rule provides that "[a]n order that transfers a civil case, including a civil miscellaneous matter, to a district court outside the Fifth Circuit is automatically stayed for 14 days from the date the order is entered on the docket, unless the court orders otherwise."